# Beckert *v.* Whitlock.

*Contest of Claim of Homestead Exemption.*

1. *Levy of execution after affidavit contesting claim of exemption.*—When a judgment creditor makes an affidavit in due form, contesting a claim of exemption which has been filed of record in the office of the probate judge (Code, § 2828), it may be the duty of the sheriff to make a levy; but his failure to do so does not affect the lien of the execution, nor disable the plaintiff to maintain the contest, of which the affidavit is the first preliminary step.

2. *With whom affidavit of contest must be filed; waiver of irregularities.*—The affidavit contesting the claim of exemption must properly be filed with the officer whose duty it is to levy the execution, and to indorse on it the substance of the affidavit; but, if it is filed in the office of the clerk by whom the execution is issued, and is not indorsed thereon, and the defendant, being afterwards notified, engages in a contest on the merits, without objection, the irregularities are thereby waived.

3. *Issue on contest; when made up.*—Although the statute provides that an issue on the contest shall be made up and tried " at the first term to which the process is returnable" (Code, § 2838), it is not mandatory in this respect, since the court can not direct an issue to be made up unless and until both parties appear; and if the defendant does not appear at the first term, he can not complain that the plaintiff did not tender an issue at that term.

4. *Form of issue.*—The form of the issue on the contest is largely within the discretion of the court, and is not subject to demurrer, nor governed by the rules of formal pleading; and if broad enough to ad-

[Beckert v. Whitlock.]

mit any legal evidence as to the validity or invalidity of the claim, in whole or in part, on the grounds specified in the affidavit of contest, it is substantially sufficient.

5. *Occupancy and lease of homestead.*—When a claim of homestead exemption has been duly made and filed of record, the right is not forfeited by a subsequent temporary quitting of the premises, or leasing for a term of not more than twelve months (Code, § 2843), provided the *animus revertendi* continues to exist; but the existence of such intention is a question for the jury, under all the facts and circumstances proved, and can not be asserted as matter of law, because he rented the premises by the month after filing his declaration and claim, and kept some of his furniture in the house until he sold the premises.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. HENRY C. SPEAKE.

This was a contest of the right to a homestead exemption in and to a house and lot in the town of Cullman, between Wm. L. Whitlock, plaintiff in execution and contestant, and Charles A. Beckert, defendant and claimant. The plaintiff's judgment against said Beckert (and one Watlington) was rendered by the Circuit Court of Cullman county on the 8th November, 1881, and executions on it were duly issued as follows: December 23d, 1881; September 1st, 1882; November 15th, 1882; and May 1st, 1883, all of which were returned "No property found." On the 27th November, 1877, said Beckert had made and filed of record in the office of the probate judge of the county, duly verified by affidavit, his declaration and claim of exemption of certain property, real and personal, therein particularly described, his homestead being the lot here in controversy, described as "Lot No. 403 in said town of Cullman;" and on the 28th February, 1882, he made and filed another claim of exemption for the same property, particularly describing the house and lot No. 403. On the 21st April, 1884, the plaintiff's attorney of record made an affidavit before the clerk of the Circuit Court, contesting this claim of exemption, alleging that it was "invalid entirely"—that the defendant had removed to Decatur, and had sold that part of the lot on which his residence was situated. At this time there was an execution in the sheriff's hands, which had been issued on the plaintiff's judgment on the 1st November, 1883, and on which a return was made May 5th, 1884, as follows: "By virtue of the within execution, I have levied upon the following lands as the property of H. L. Watlington;" "also, upon S. E. quarter of S. E. quarter of section 4, township 10, range 3, west, as the property of Charles A. Beckert, on this 21st April, 1884, and gave each of defendants personal

[Beckert v. Whitlock.]

notice of said levy; and also gave W. T. L. Cofer, attorney of record for plaintiff, notice of filing affidavit of exemption and record of the same of Charles A. Beckert, to lot No. 403 in the town of Cullman." On the 3d May, 1884, the plaintiff's attorney of record filed in the office of the circuit clerk a written notice of the affidavit contesting the claim of exemption; and a copy of this notice was served on the defendant, by the sheriff, on the 5th May.

At the Spring term, 1884, as a memorandum of the clerk states, the cause was "continued under general order." At the November term, 1884, the plaintiff filed a written statement tendering an issue, alleging that the claim of exemption was invalid and inoperative entirely, as against plaintiff's judgment and execution; that the lot was not occupied by the defendant at the time plaintiff's execution had been levied on it, and that it had been sold and disposed of by him. At the same term, and also at the ensuing Spring term, 1885, the cause was "continued under general order." At the Spring term, 1885, the defendant filed a demurrer to the issue tendered by the plaintiff; and on the 30th October, 1885, he moved the court to "strike the issue from the files," because it was not filed and tendered within the time required by law, and because there was no sufficient affidavit of contest; this motion being entitled as of the Spring term, 1885, but indorsed by the clerk "Filed October 30th, 1885." At the same October term, 1885, the court overruled the defendant's motion to strike the issue from the files, but sustained his demurrer to it, and gave the plaintiff leave to amend his statement, or issue tendered; and the defendant's motion "to quash the affidavit of contest" was overruled. A trial of the issue was then had before a jury, who returned a verdict for the plaintiff, on which the court rendered judgment in his favor, condemning the lot to sale under his execution; but this judgment was set aside on a subsequent day of the term, and a new trial granted. At the May term, 1887, another trial was had on an "amended issue," as it is called, tendered by the plaintiff, which alleged, in substance, that defendant "abandoned said lot for more than twelve months before the lien attached of the execution issued on plaintiff's judgment on the 1st May, 1883;" and which also assailed the sufficiency of the declaration and claim of exemption, on account of defective allegations. The defendant moved to strike this statement, or "amended issue," from the files, and excepted to the overruling of his motion. The

judgment-entry recites, that the issue was joined "under the direction of the court."

On the trial, as appears from the bill of exceptions, "the plaintiff did not controvert the facts, that said lot was the defendant's homestead, used and occupied by him as such on the 28th February, 1882, at the time of making and filing his declaration and claim of exemption, and from and after that time until he went to Decatur." The plaintiff's evidence "tended to show that the defendant and his wife removed to Decatur in May, 1882, and remained there, renting houses to live in, until some time in September, 1884; and that the house on said lot No. 403, during all that time, was rented to, and occupied by different persons. This was, in substance, all the evidence offered by plaintiff in this connection." The defendant offered in evidence the deed by which he and his wife conveyed the house and lot to one McIntire, which was dated October 30th, 1882, recited the payment of $500 as its consideration, and was duly executed, acknowledged and certified, as a conveyance of a homestead was then required to be. "The defendant's evidence tended to show that, in May, 1882, he temporarily left the property, and went to Decatur, leaving a part of his furniture in the house, and a desk containing his private papers, where they remained at least until October 30th, 1882; that when he removed from the premises in May, 1882, he rented out the property by the month; that he was married on the 19th March, 1882, and went, on the night of the same day, on a bridal trip to Decatur, where he remained about two weeks; that he received, while there, an appointment as United States gauger, moved to Decatur in May, and shipped a part of his furniture there; that he came back to Cullman in April, 1883, and had some repairing done on his property, but did not bring back his family until September, 1883. There was no controversy as to the value of the premises being less than $2,000; and there was no evidence tending to show that, from the 28th February, 1882, when defendant made and filed his declaration and claim of exemption, up to the 30th October, 1882, he rented or leased said premises for more than twelve months."

The court charged the jury, on request of the plaintiff, "that they must find for the plaintiff, if they believed that it was the intention of the defendant, when he removed from the premises, to abandon them." The defendant excepted to this charge as given, and also to the refusal of the follow-

[Beckert v. Whitlock.]

ing charges, which were asked by him in writing: (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "The deed to McIntire is a legal conveyance of the property." (3.) "If the jury believe from the evidence that Beckert and his wife sold and conveyed the property to McIntire on the 30th October, 1882, and that the affidavit of contest in this case was not made or filed until some time in April, 1884, then they must find for the defendant." (4.) "If the jury find from the evidence that, on the 28th February, 1882, the defendant filed in the office of the probate judge a claim of exemption to said lot No. 403, on which he then resided as a homestead; and that he removed from the lot in May, 1882, and sold and conveyed it to McIntire in October, 1882; and that the contest of exemption was not instituted until April, 1884,—then they must find for the defendant."

The charge given, the refusal of the several charges asked, and the rulings on the pleadings and motions adverse to the defendant, are now assigned as error.

GEO. H. PARKER, and HAMILL & LUSK, for the appellant. (1.) The contestation of a claim of homestead exemption is purely statutory, and the statutory remedy must be strictly pursued.—*Block v. George,* 70 Ala. 409. In this case, every step prescribed by the statute is either wanting, or it was taken too late. The substance of the affidavit of contest was never indorsed on the execution (Code, § 2830), nor was the execution ever levied on the property in controversy; and without a levy there could be no contest of the liability of the property to the process. Notice of the affidavit of contest was not given to the defendant until the expiration of fourteen days, while the statute requires that it shall be given within three days.—Code, § 2836. No issue was filed or tendered within the time required by the statute.—Code, § 2838. The defendant never waived any of these defects, but sought to take advantage of them by every possible motion. (2.) There was no abandonment of the homestead, and the deed to McIntire was a valid conveyance.—*Murphy v. Hurst, Miller & Co.,* 75 Ala. 438.

W. T. L. COFER, *contra.*—No issue could be made up between the parties, until the defendant appeared. The issue was then made up under the direction of the presiding judge, in whom a discretionary power as to the form must be vested.

Any irregularities occurring before that time, not entering into the substance of the issue, were cured by the defendant's appearance, and the trial on issue joined. On the merits, the right of exemption was lost by abandonment.—*Murphy v. Hurst, Miller & Co.*, 75 Ala. 438; *Stow v. Lillie*, 63 Ala. 406; *Preiss v. Campbell*, 59 Ala. 635; *Kaster v. McWilliams*, 41 Ala. 302.

CLOPTON, J.—The appellant made, and filed for record in the office of the judge of probate, two declarations in writing, claiming the lot in controversy to be exempted as a homestead from levy and sale under process for collection of debts—one in December, 1877, and the other in February, 1882. The plaintiff having obtained judgment against the appellant in November, 1881, upon which successive executions had been issued and returned "no property," his attorney, in April, 1884, made and filed in the office of the clerk of the Circuit Court an affidavit to contest the validity of the claim of exemption. After a declaration in writing has been made by any resident of this State, stating and describing the property claimed as being exempted, in compliance with the statutory requirements, and has filed the same for record in the office of the Probate Court of the county in which the property is situated, the statute prohibits any execution, or other process for the collection of debts, being levied on such property, unless the plaintiff, his agent or attorney, contest the validity of such claim, in whole or in part, in the manner provided.—Code, § 2830. The institution of a contest, by making one of the statutory affidavits, is the preliminary step to having the property levied on, when the declaration and claim are filed under section 2828; and upon a proper affidavit being made, it may become the duty of the sheriff to make a levy, but his failure to perform the duty does not disable the plaintiff to maintain the contest. The lien of such process is not thereby destroyed nor impaired.

The statute does not expressly provide in, what office, or with what officer, the affidavit shall be filed or lodged; but the implication is that it shall be with the sheriff, whose duty it is to execute the process, and to indorse the substance of the affidavit thereon, when the contest goes to the validity of the claim of exemption in part, or as excessive. The affidavit was filed in the office of the clerk of the Circuit Court to which the execution was returnable, on the same

day on which it was made. Notice of the filing of the affidavit was not given to the defendant until May 5, 1884, when a notice signed by the attorney of the plaintiff was served on him by the sheriff. Whether or not the proceedings in these respects are irregular, it is unnecessary to decide; for, if irregular, the irregularities are waived by the subsequent appearance of the defendant in response to the notice, and engaging in a trial of the contest on the merits, without objection for want of notice, so far as the record shows.—*Gill v. Downs*, 26 Ala. 670; *Lampley v. Beavers*, 25 Ala. 534.

Section 2838 of the Code declares, that "at the first term of the court to which the process is returnable, an issue shall be made up and tried as in other cases, the party at whose instance the levy is made being the plaintiff in the issue." It is contended that the statute is mandatory, and that the court should have stricken the issue tendered by the plaintiff from the files, because not tendered in proper time, no issue having been tendered until November, 1884. After the general assertion as to the term of the court at which the issue shall be made up and tried, the same section prescribes and regulates the mode of proceeding, as follows: "If the plaintiff shall fail to appear to support his contention, judgment shall be rendered against him, to the effect, that the property in contest is not liable to sale under his execution or other process, and releasing such property from any levy thereon, and against the plaintiff for the costs of such levy and contestation. If the defendant fails to appear to support his claim, judgment shall be rendered thereon by default against him, condemning the property in contest, and ordering its sale if necessary, and against the defendant for costs. If both parties appear, an issue or issues shall be made up between them, under the direction of the court, to determine whether the property in contest, or any and what part of it, is exempt as claimed."

Under the provisions of the statute, the court can not direct an issue to be made up, unless both parties appear. If either fails to appear, the statute declares what shall be the consequence, and no issue is necessary. While the right to the statutory judgment is conferred on the defendant, if the plaintiff fails to appear, the court is not bound, *ex mero motu*, to render it in the absence of the defendant. He must become the movant. The purpose of the statute is to furnish a speedy and summary remedy for the determination of such contests, and its effect is to make
9 ·

them triable at the first term of the court; but it was not intended that the plaintiff, in order to avoid an abandonment or declination of the contest, should tender an issue at such term, when the defendant did not appear so as to move for judgment against him. Neither party appeared at the Spring term, 1884, and no action was taken in respect to the contest. At the succeeding Fall term, the plaintiff tendered an issue, but the defendant did not appear. At each of these terms, and at the Spring term, 1885, the case was continued under the general order. On October 30, 1885, the defendant appeared, and made a motion to strike from the files the issue tendered by the plaintiff in November, 1884, on the grounds, that it was not filed and tendered in the time required, and that no affidavit to contest the claim of exemption had ever been made and filed as required. In this condition of the contest, the court had the discretionary power to direct an issue to be made up at the subsequent term at which both parties for the first time appeared, neither party having, at a previous term, moved for judgment against the other. To construe the statute as absolutely requiring the issue to be tendered at the first term, would be to disregard one of its express provisions, and in conflict with the construction given to similar provisions in other statutes in reference to the time in which pleas must be filed.—*Russell v. State*, 53 Ala. 366.

The form of the issue is a matter largely in the sound discretion of the court, under whose direction it is made up. It is not intended to embarrass the proceeding by formal pleading; and an issue is sufficient, if broad enough to admit any competent evidence tending to show whether the property in contest, or any and what part of it, is exempt as claimed.—*Plant. & Mer. Bank v. Willis*, 5 Ala. 770; *Lehman, Durr & Co. v. Warren & Burch*, 53 Ala. 535. The affidavit of contestation affirms, that the claim of exemption is invalid entirely, and that the defendant had removed from the lot since the declarations and claims were made and filed for record. While it may contain some immaterial statements, it is a substantial compliance with the statute, and sufficient to authorize the court to entertain the contest. When the parties do not agree as to the form of the issue, the court should dictate the terms. The issue, styled in the record the "amended issue," was practically made up under the direction of the court, though such directions consisted of rulings on a demurrer to the issue

[Beckert v. Whitlock.]

originally tendered, and though such issue is not an appropiate subject of demurrer.—*Plant. & Mer. Bank v. Willis, supra.* The issues thus made up are sufficiently broad to allow the admission of any evidence relating to the validity of the claim of exemption at the time the contest was inaugurated, and at the time the lien of plaintiff's execution attached.

The defendant can not complain that he was notified, by the terms of the issue, that the plaintiff controverted the validity of the exemption, if originally valid, on the affirmation of the defendant's removal and abandonment of the premises as a homestead. The general statutory rule is, that actual occupancy, possession of the premises as a home, when a lien upon it would attach if not so occupied, is an essential element of the right of homestead exemption. When a declaration and claim are made and filed as provided by section 2828, a temporary quitting, or leasing the premises, for a period of not more than twelve months at any one time, is not to be deemed an abandonment, which without the statute would be the consequence.—Code, § 2843; *Scaife v. Argall,* 74 Ala. 473. The filing of the declaration and claim may be *prima facie* evidence, but is not conclusive of the *animus revertendi.* Notwithstanding this, the defendant may have quitted and leased with the intention of not returning within the statutory period. If such was his intention, the right of homestead exemption terminated when he quit the actual occupancy, The *animus revertendi* does not follow as a conclusion of law, merely from the facts, that the defendant made and filed a declaration in February, 1882; that he rented the premises by the month; and that he kept a part of his furniture and effects thereon, up to October, 1882, when he sold the lot. The intention with which the defendant quitted the premises is an inference to be drawn by the jury from all the facts and circumstances proved. The defendant was not entitled to the affirmative charge.

The charges asked by the defendant, as to the effect of the sale and conveyance of the lot by him, were abstract. Whether or not the title thereby conveyed is superior to the lien of the plaintiff, is not involved in the issues on this contest; and the judgment rendered is not binding, nor conclusive on the vendee. There are some irregularities in the proceedings, but they are not prejudicial to the defendant.

Affirmed.