(97 South. 692)

BRENARD MFG. CO. v. SULLIVAN.
(7 Div. 415.)

(Supreme Court of Alabama. Oct. 11, 1923.)

1. Sales ⬤⟿354(8)—Answer in action on notes, alleging seller's treatment of goods as its own, held good.

In an action on promissory notes, given in payment for talking machines an answer setting up the defense that, after defendant's refusal to accept the machines, plaintiffs, by treating them as their own, had defeated their right to maintain an action for the purchase price, *held* good as against demurrer.

2. Sales ⬤⟿342—Sellers not precluded from recovering price by taking possession upon refusal, for purpose of holding for buyer.

Though sellers of talking machines, after refusal of the machines by buyer, took possession of the machines, where they did so only to prevent them from being sold for freight charges, and held them for the buyer as his property, they were not precluded from suing on the purchase-money notes.

3. Sales ⬤⟿340—Remedies of seller upon failure of buyer to accept goods stated.

Upon refusal of a buyer to take and pay for property, the seller may either store and retain the property for the buyer and sue him for the entire price, or sell the property and sue for the difference between the contract price and the price obtained on the resale, or keep the property as his own, and recover the difference between the market value at the time and place of delivery and the contract price.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action on promissory notes by the Brenard Manufacturing Company against J. R. Sullivan. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Plaintiff demurred to defendant's plea 5-A on these grounds:

"(1) Said plea states no defense against said notes.

"(2) Said plea states a conclusion of the pleader.

"(3) It does not appear that the defendant had the right, under the terms by which the notes were given, to countermand said order.

"(4) For aught that appears, the plaintiff in taking said machine is merely preserving same from sale for charges and for benefit of defendant.

"(5) For that the averment therein that defendant countermanded the order as he had a right to do, is the averment of a conclusion.

"(6) For aught that appears, the defendant is responsible for the condition of which he complains, and in express violation of the terms under which the notes were given.

"(7) For that the facts therein stated did not justify the defendant in countermanding the order or in refusing to accept property mentioned."

Victor Vance, of Gadsden, for appellant.

Demurrer to plea 5a should have been sustained. 35 Cyc. 279; Powell v. Knighton, 43 Ala. 626. Demurrers were erroneously sustained to plaintiff's replications to defendant's plea 5a. 24 R. C. L. 86.

Hood & Murphree, of Gadsden, for appellee.

No brief reached the Reporter.

MILLER, J. The individuals composing the partnership of the Brenard Manufacturing Company sue J. R. Sullivan on six promissory notes, given by him to them; five of the notes are for $80 each, and one is for the sum of $22. There was judgment for defendant, based on a verdict of the jury in his favor, and from it this appeal is prosecuted.

The court overruled demurrers of plaintiff to plea 5-A of defendant. This plea alleges the consideration for the notes wholly failed, that they were given for the purchase of

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

three talking machines to be delivered at a future date. The machines were shipped to defendant at Altoona, Ala., in October 1920, and arrived during that month, but defendant failed to take the machines from the depot, and in January, 1921, plaintiff instructed the railroad to return the machines to them at Geneva, Iowa, which the railroad did, and defendant has received nothing for the notes.

This plea sets up, or attempts to do so, that after the defendant failed to take from the depot the machines, for which the notes were given, the plaintiffs treated the machines as theirs, and took charge of them as their own, and could not now maintain an action for the purchase price of them.

This principle is thus stated in 24 R. C. L. § 358, p. 92:

"If the seller, after the refusal of the buyer to accept the goods, treats them as his own instead of setting them apart for the buyer, the title for all purpose remains in him, and he cannot thereafter maintain an action for the price."

[1] This plea was not subject to the grounds of demurrer assigned to it, and the court did not err in overruling the demurrer of plaintiffs to it.

[2] The plaintiffs filed replications No. 4, 5, 6, and 7 to this plea 5–A. The demurrers of the defendant to each of these replications were sustained by the court. Each replication admits the notes were given for the purchase price of the machines, and avers they were shipped to the defendant as the contract of purchase directed, and the defendant refused to accept and take the machines from the depot, and, to prevent them from being sold to pay charges, plaintiffs had them returned, and have stored them for the defendant. It appears from each replication that the plaintiffs have the machines stored for the defendant as the property of the defendant. If this is true, then the plaintiffs can maintain this suit for the contract price evidenced by the notes. The defendant by this plea admits that he purchased the machines, for which the notes were given, and that he failed to take them from the depot and pay for them; the plaintiffs reply that he refused to take them. This gave the plaintiffs the right to store the machines, or to retain the machines for the defendant and to sue him for the entire purchase price. The court erred in sustaining demurrers of defendant to these replications of plaintiffs to plea 5–A.

[3] The principle of law applicable is thus stated in 24 R. C. L. § 352, p. 86, where the authorities are cited to sustain it, as follows:

"The seller, when the buyer declines to take and pay for the property, ordinarily has the choice of any of three methods of indemnifying himself against loss: (1) He may store or retain the property for the buyer and sue him for the entire price; (2) he may sell the property and recover the difference between the contract price and the price obtained on the resale; or (3) he may keep the property as his own and recover the difference between the market value at the time and place of delivery and the contract price."

See Fulton v. Leder Oil Co., 207 Ala. 350, 92 South. 613; Starr Jobbing House v. May Hosiery Mills, 207 Ala. 620, 93 South. 572; Johnson v. Carden, 187 Ala. 142, 65 South. 813.

It appears, from the pleading, when the defendant declined to take and pay for the machines the plaintiffs elected to sue for the entire purchase price of the machines and to store or retain them for the defendant. The plaintiffs had the right to pursue this course and to exercise this choice of any of the three methods stated above, to prevent loss.

The court gave, at the request of the defendant, the general affirmative charge, with hypothesis in his favor, which charge was in writing.

The bill of exceptions does not purport to set out all of the evidence; nor does it appear to contain, in substance, all the evidence.

The judgment must be reversed, on account of the rulings of the court on demurrers to these replications of plaintiffs to plea 5–A of defendant; and it is not necessary for us to decide whether the court erred in giving this written charge in favor of the defendant.

For the errors mentioned, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.