(104 So. 887)

### BRENARD MFG. CO. v. SULLIVAN.
### (7 Div. 36.)

(Court of Appeals of Alabama.    June 30, 1925.)

1. **Bills and notes ☞491, 516—Introduction of note held to make prima facie case; introduction of note shifted burden.**

Introduction in evidence of notes sued on *held* to make prima facie case for plaintiff and to shift burden to defendant to prove special pleas.

2. **Sales ☞355(4)—Answer in action on notes alleging agreement not to deliver goods sold until instructed held no defense.**

In action on note in payment of phonograph, evidence that seller had agreed to wait for further instructions before sending machine, and that such instructions had never been given, *held* not to sustain defense of accepted countermand.

3. **Sales ☞347(2)—To relieve purchaser of liability for price, seller must have retaken property as his own.**

In action on promissory notes in payment of phonographs, to relieve purchaser who refused to accept machines on delivery of liability, seller must have retaken property, which was shipped back to him, as his own.

4. **Sales ☞359(1)—Evidence held not to show seller retook goods, refused by purchaser, as own.**

In action on promissory notes for phonographs, where answer set up retaking by seller on refusal of purchaser to accept them, evidence *held* not to show that seller retook them as his own, and he was therefore entitled to affirmative charge.

5. **Appeal and error ☞938(5)—Objections to interrogatory will be presumed filed, where record is not clear.**

Where record is not clear as to whether objections to interrogatories were filed, appellate court will assume such filing to save a waiver.

6. **Evidence ☞99 — That commission was paid to salesman inadmissible in action for selling price.**

In action on promissory note in payment of phonographs, evidence that commission was paid to salesman *held* not material, relating to transaction wholly res inter alios acta.

7. **Sales ☞358(2)—Exclusion of evidence as to what became of machines sent back to seller held error.**

In action on promissory notes in payment of phonographs, where purchaser had refused to accept machines, and claimed that seller had retaken them, evidence that machines were about to be sold on the "on hand sale" after refusal of purchaser to take them, and that in order to save them seller ordered them held for the use of purchaser until matter could be adjusted, *held* improperly excluded.

8. **Trial ☞74—Objection that answer is not responsive open only to party asking question.**

Objection that answer is not responsive cannot be made by any one but party asking question.

9. **Depositions ☞44 — Objection to interrogatory permitting witness to state anything of advantage to either party held properly sustained.**

Objection to interrogatory, permitting witness to make any other statement he might think of which might be of advantage to either or both of parties to suit, *held* properly sustained.

<hr>

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action on promissory notes by the Brenard Manufacturing Company against J. R. Sullivan. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

In answer to the thirteenth interrogatory, plaintiff's witness Loveland testified that the agent who procured the order in question from the defendant was employed by plaintiff, but that he had no authority to make contracts, his sole authority being to take orders on blanks furnished to him and forward them to plaintiff for inspection, approval, etc., and that, as soon as the order was approved, "the commission was paid to the salesman."

The fiftieth interrogatory propounded to this witness, defendant's objection to which was sustained, is as follows:

"Question 50. You may make any other statement you may think of which might be of advantage to either or both of the parties to this suit."

Victor Vance, of Gadsden, for appellant.

Hood & Murphree, of Gadsden, for appellee.

Counsel discuss the questions raised and treated, but without citing authorities.

BRICKEN, P. J. This is the second appeal in this case. The report of the former appeal embodying a statement of the case and principles of law applicable may be found in Brenard Mfg. Co. v. Sullivan, 210 Ala. 200, 97 So. 692.

[1] On the last trial the defendant filed the general issue and two special pleas, designated as A and 6. The introduction of the notes in evidence made a prima facie case for the plaintiff, and shifted the burden to the defendant to prove his special pleas.

[2] Plea A sets up as a defense, in short, that before the shipment of the goods that constituted the consideration for the notes sued on the defendant countermanded the order for the goods, and that plaintiff accepted this countermand. The evidence shows that the alleged countermand of the order was defendant's letter to plaintiff, of date September 6, 1920, which was as follows: "Don't ship phonographs that I was talking to your salesman about some days ago, until you hear from me." The defendant testified that he received a letter from the plaintiff in reply to this, which he had lost, and, while he could not state its exact contents, he testified he remembered the substance of it was "they had received my letter and would not ship until further instructions." This evidence does not sustain the averment of plea A. The letter is not a countermand of the order, but is at most a request to withhold shipment until further instructions. As to the issue presented by this plea, although it be conceded that the plaintiff failed to prove their replications, there was nothing to be submitted to the jury.

[3, 4] The sufficiency of plea 6 was not tested by demurrer, and it is not our purpose to hold that it was a good plea. However, it is in substance the same as plea 5A, passed on by the Supreme Court on the former appeal.

This plea avers that—

"The consideration of the notes has wholly failed in this—said notes were given for the purchase price of three talking machines to be delivered by the plaintiff at a future date. Defendant avers that said machines were shipped to him at Altoona, Ala., in October, 1920, where they arrived during said month. Defendant failed to take said machines so shipped from the depot at Altoona, and in January, 1921, *plaintiff instructed the railroad company to return said machines to Geneva, Ill., and acting on said instructions the railroad company did return said machines* to plaintiff at said place, outside the state of Alabama, wherefore," etc.

The averments above italicized are of the very substance of this plea.

To relieve the purchaser of liability to the seller for the price, the seller must have retaken the property as their own. Brenard Mfg. Co. v. Sullivan, supra. The burden here is on the defendant. Zadek v. Forcheimer, 16 Ala. App. 347, 77 So. 941. The only evidence offered by the defendant on this issue was the testimony of Powell, the railroad agent, at Altoona. His testimony at most shows that he was instructed by the general claim agent of the railroad company to reship the property to the plaintiff, and that he billed it to them to Evansville, Ind., and addressed it to the plaintiff at Geneva, Ill. There was no evidence before the jury that this was done by instructions of the plaintiffs, or that the property was delivered to or received by plaintiffs, unless it is shown by the statement of the witness Loveland that "the Brenard Manufacturing Company ordered them held for the use and benefit of Mr. Sullivan." Therefore, assuming that this testimony shows that the property was returned by the plaintiff, it also proves that it was being held by the plaintiff or the railroad company to the use of the defendant, and this evidence, in connection with other evidence that is in no way disputed, proves the substance of the issue presented by the plaintiff's third replication to defendant's special pleas. Hence plaintiff was entitled to the affirmative charge, and the court committed reversible error in refusing this charge.

[5] It is not clear from this record whether or not defendant filed objections to the interrogatories propounded to witness Loveland, but on this state of the record this court will assume that objections were filed so as to save a waiver. A. G. S. R. R. v. Bailey, 112 Ala. 167, 20 So. 313.

[6] The statement of the witness that "the commission was paid to the salesman" was not material, and related to a transaction wholly res inter alios acta. Fuller v. Whitlock, 99 Ala. 411, 13 So. 80. This rule applies with equal force to the ruling of the court excluding, on defendant's motion, the answer to interrogatory 48.

[7, 8] Interrogatory 33:

"Do you know what became of the machines forwarded to the defendant in this cause? A. Mr. Sullivan refused to take the machines, or to have anything to do with them, and they were about to be sold on the 'on hand sale,' and, in order to save (them), the *Brenard Company* guaranteed costs, and *ordered them held* for the use and *benefit of Mr. Sullivan*, until this matter could be adjusted."

The defendant moved to exclude this answer and each separate sentence thereof, "because not responsive to the answer." The court excluded all of this answer except the portion italicized. This was error. By assigning a special ground, the defendant waived all other objections. A. G. S. R. R. Co. v. Bailey, supra. And the objection that the answer is not responsive cannot be made by any one but the party asking the question. Ford v. Bradford, 212 Ala. 515, 103 So. 549. This evidence was material on the issue presented by the plaintiff's replications to defendant's special pleas.

[9] The court did not err in sustaining the objection to Interrogatory 50; this form of question has been condemned.

We find no other reversible errors in the record, but for the errors pointed out the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.