(111 So. 45)

### BRENARD MFG. CO. v. SULLIVAN.
(7 Div. 215.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Dec. 14, 1926.)

Sales ⬅354(5)—Answer in action on notes alleging consideration had failed since seller had reconsigned shipment, refused by defendant, to point outside state, and defendant could not recover goods if he paid notes, held good against demurrer.

In action on promissory notes given in payment of talking machines, answer alleging that consideration had failed since seller had consigned machines to itself, and later, defendant not having taken shipment from depot, seller had instructed carrier to ship to point outside state, and as a result both seller and shipment were outside state and beyond jurisdiction of court and defendant could not recover machines if he paid notes, held good against demurrer.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by the Brenard Manufacturing Company against J. R. Sullivan. From a judgment for defendant, plaintiff appeals. Affirmed. Certiorari denied by Supreme Court in Brenard Mfg. Co. v. Sullivan, 111 So. 46.

Defendant's plea 3 is as follows:

"(3) Further answering the complaint, defendant says that the consideration for said notes described in said complaint has wholly failed in this: That said notes were given for the purchase price of three talking machines and 12 records to be delivered by the plaintiff to the defendant at a future date. Defendant avers that said machines were shipped to Altoona, Ala., in October, 1920, consigned by the plaintiff to themselves; that said shipment arrived in Altoona in October, 1920, but were not delivered to defendant, and in January, 1921, the plaintiff instructed the railroad company to send said shipment to Geneva, Ill., outside of the state of Alabama, and, acting on said instruction, the railroad company did ship said shipment outside of the state of Alabama, and defendant avers that the plaintiffs in this cause are nonresidents of the state of Alabama, so that both they and said machines are entirely beyond the jurisdiction of the courts of this state, and if defendant was required to pay the notes given for said machines he could not recover the same. Wherefore, defendant says he received nothing for said notes sued on, and plaintiff ought not to recover the purchase price of said machines for which said notes were given."

---

These grounds of demurrer were interposed by the plaintiff to plea 3:

"First, it does not appear from said plea that the plaintiff took possession of said machines and treated them as its own.

"Second, the nonresidence of the plaintiff or the nonresidence of the place where the machines are stored would be no answer or defense.

"Third, it does appear that this court or the state of Alabama would need jurisdiction over the machines in order to decide this cause.

"Fourth, there is no action pending in this court set up in said plea in which it is sought to recover the machines and records.

"Fifth, it nowhere appears that the plaintiff has converted the said machines and records to his own use.

"Sixth, it does not show that defendant made any effort to get the machines.

"Seventh, for aught that appears the defendant refused to accept the machines and records and with no excuse whatever."

Victor Vance, of Gadsden, for appellant.

Plea 3 is defective, in failure to aver that plaintiff retook the machines and treated them as its own. 24 R. C. L. 92, 362; Brenard Mfg. Co. v. Sullivan, ante, p. 44, 104 So. 887. Plaintiff was due the affirmative charge. 3 R. C. L. 99; Prince v. Alabama State Fair, 106 Ala. 340, 17 So. 449, 28 L. R. A. 716; Bain v. Culbert, 209 Ala. 312, 96 So. 228; 35 Cyc. 307.

Hood & Murphree, of Gadsden, for appellee.

Title to property sold for future delivery does not pass until delivery according to the terms of the contract. Brown v. Adair, 104 Ala. 652, 16 So. 439. There could be no recovery thereon, if the contract was repudiated before delivery; the remedy was for damages for breach. St. Louis Hay & Grain Co. v. American Cast Iron Pipe Co., 167 Ala. 442, 52 So. 904.

RICE, J. This is the third appeal in this case. In all three trials the appellant, plaintiff in the court below, was the loser. The facts may be ascertained from the reports of the two former decisions, the first by the Supreme Court (210 Ala. 200, 97 So. 692), and the second by this court (ante, p. 44, 104 So. 887).

On this appeal but two questions are presented: (1) Did the trial court err in overruling plaintiff's (appellant's) demurrer to defendant's plea 3? And (2) did the trial court err in refusing to give the general affirmative charge, which was duly requested, in favor of the plaintiff (appellant)?

Answering the first question, we might observe that neither defendant's plea 3, in this case, nor the demurrers thereto, appear to be different in any substantial particular in so far as the principles of law governing are concerned from defendant's plea 5a, and the demurrers thereto, discussed by the Supreme Court on the first appeal of this case, and that upon the authority of that opinion (Brenard Mfg. Co. v. Sullivan, 210 Ala. 200, 97 So. 692), we should hold, as we do hold, that there was no error in overruling plaintiff's (appellant's) demurrers to said plea 3.

With this plea in, a casual reading of the record discloses that there was sufficient evidence introduced to make the question as to whether or not it was proved one for the jury. Accordingly there was no error in refusing to give the general affirmative charge in favor of the plaintiff (appellant).

We find no error in the record, and the judgment is affirmed.

Affirmed.