[Pinckard & Lay v. Freeman, et al.]

# Pinckard & Lay *v.* Freeman, *et al.*

### *Exemption Contest.*

(Decided May 30, 1911.   55 South. 503.)

1. *Homestead; Exemption; Contest; Issue.*—The form of an issue in the contest as to homestead exemptions between an execution plaintiff and defendant is largely within the discretion of the court, and is not subject to demurrer, nor governed by the rules of formal pleading.

2. *Same; Affidavit; Sufficiency.*—An affidavit in the language of section 4153, Code 1907, contesting a defendant's claim of homestead exemptions is sufficient.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Claim of exemption and contest between Pinckard & Lay, execution plaintiffs, and J. A. Freeman and Garry Freeman, execution defendants. From a judgment sustaining demurrer to the contest, and dismissing same, the execution plaintiffs appeal. Reversed and remanded.

Pinckard & Lay, having recovered a judgment against J. A. and Garry Freeman, procured an execution thereon, which was levied by the sheriff upon certain lands and the return made, together with a return that certain claims of exemptions had been filed with him by the execution defendants, claiming the land levied on as exempt as a homestead. Notice was issued to the execution plaintiffs, and they filed the following affidavit of contest: "Now comes W. D. Pinckard, a member of the firm of Pinckard & Lay, and, being duly sworn, deposes and says: That he is informed and believes, and from such information and belief states and says, that the claim of homestead exemptions filed in this cause by Garry Freeman to [here follows a de-

[Pinckard & Lay v. Freeman, et al.]

scription of the land] is invalid entirely for all the above lands levied on, which is all the above-described lands, except the last four acres and 160 square yards above described, and which was not levied upon under execution, because defendant did not reside on said land." Demurrers were sustained, and the affidavit amended, by adding that the claim is entirely invalid, because defendant did not occupy said lands as a homestead at the time plaintiffs recovered their judgment and had the same recorded in the probate office of Cherokee county, Ala. Demurrers were filed as follows to the amended affidavit: "(1) For that it does not appear therefrom that defendant does not reside on lands contiguous to said lands and with which said lands are not used nor occupied in conjunction as a homestead. (2) For that it does not appear therefrom that defendant does not use said lands in conjunction with lands on which he resides as a homestead."

GEORGE D. MOTLEY, for appellant. The form of the issue in the contest of exemptions is largely within the discretion of the court, is not subject to demurrer, and is not governed by the ordinary rules of pleading.— *P. & M. Bank v. Willis,* 5 Ala. 770; *Beckert v. Whitlock,* 83 Ala. 123. The affidavit was in the language of the Code and was sufficient.—Section 4173, Code 1907. The actual occupancy of the property was essential.— *Turner v. Turner,* 107 Ala. 465.

REED & CONNER, and HOOD & MURPHREE, for appellee. The rulings of the court were in accordance with the case of *Beckert v. Whitlock,* 83 Ala. 128. The affidavit of contest was not sufficient.—*Dicus v. Hall,* 83 Ala. 159; *Jaffre v. McCough,* 88 Ala. 651.

DOWDELL, C. J.—The appeal in this case is taken from the judgment of the court, dismissing the plaintiffs' contest of the defendants' claim of exemption.

The plaintiffs' affidavit of contest is in the language of the statute.—Code 1907, § 4173. "The form of the issue on a contest is largely within the direction of the court, and not subject to demurrer, nor governed by the rules of formal pleading; and if broad enough to admit any legal evidence as to the validity or invalidity of the claim in whole or in part, on the grounds specified in the affidavit of contest, it is substantially sufficient."—*Beckert v. Whitlock,* 83 Ala. 123, 3 South. 545.

The affidavit in the present case tendered an issue and upon a specified ground of contest. It was sufficiently broad to admit evidence for and against the validity of the claim, even as to the matter of objection taken by the demurrer to the affidavit, which the court sustained. The court erred in sustaining the demurrer to the affidavit, and in dismissing plaintiff's contest, and in rendering judgment for the defendants.— See, also, *Planters' & Merchants' Bank v. Willis,* 5 Ala. 770.

For the above error indicated, the judgment will be reversed.

Reversed and remanded.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.