(78 South. 873)

FORD v. FORD. (7 Div. 908.)

(Supreme Court of Alabama. April 4, 1918.)

1. DIVORCE &#9740;282—ALIMONY PENDENTE LITE —ATTORNEYS' FEES—APPEAL.

Where appellant in divorce suit reserved no exceptions to the register's report fixing alimony pendente lite and allowance for attorney's fees, and the report was confirmed by the court, the reasonableness of the amounts so ascertained cannot be considered on appeal from decrees dealing only with the question of the appropriate remedy for the collection of the amounts so awarded.

2. DIVORCE &#9740;263—ALIMONY PENDENTE LITE —EXECUTION.

In view of Code 1907, § 3803, requiring the court in a pending divorce suit to make an allowance for the wife's support out of the husband's estate, where the husband failed to comply with its orders for payment of monthly sums decreed, the court properly rendered judgment, in a proceeding inter partes, for the amount in arrear, and ordered execution to issue for its collection.

3. HOMESTEAD &#9740;101—DECREE FOR ALIMONY PENDENTE LITE—"DEBT CONTRACTED."

A husband in a divorce suit cannot claim exemption of his homestead against a levy of execution upon his land to enforce payment of arrears of alimony pendente lite and attorney's fees; a decree for such alimony and attorney's fees not being a "debt contracted" within the meaning of the Constitution and statutes enacted in pursuance thereof.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt Contracted.]

4. DIVORCE &#9740;229—ALIMONY PENDENTE LITE —MODIFICATION OF DECREE.

A decree for alimony pendente lite remains at all times subject to change for good cause shown.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Suit between Leila Ford and Jesse B. Ford. From decrees and orders for the former, the latter appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant. Alto V. Lee and W. T. Murphree, both of Gadsden, for appellee.

SAYRE, J. [1, 2] Appellant reserved no exceptions to the register's report fixing alimony pendente lite and an allowance for attorney's fee, the report was in all things confirmed in due course by the court, and the reasonableness of the amounts so ascertained cannot now be considered on an appeal taken from decrees dealing only with the question of appellee's appropriate remedy for the collection of the amounts so awarded. Assuming, as we must in the circumstances, that proper amounts were decreed to appellee, no satisfactory reason appears why appellee should not have an execution for their collection. It is said in 14 Cyc. 796, that:

"A decree for permanent alimony is usually treated as a judgment enforceable by execution like any other judgment; but an order for the payment of temporary alimony or suit money not being final, cannot be enforced by execution, unless the statute directs otherwise."

The proceedings shown by the record before us assimilate the decree to one for permanent alimony. After appellant had failed to comply with the court's orders for the payment of the monthly sums decreed by the court, appellee formally petitioned the court praying that judgment be rendered for the amount in arrear and that execution issue

---

&#9740;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

for the collection of the same. At the end of a proceeding inter partes the court decreed in accordance with the prayer of the petition. The statute (section 3803 of the Code) provides that "pending a suit for divorce, the court must make an allowance for the support of the wife out of the estate of the husband," etc., and this would seem sufficient to dispose of this case. In Webb v. Webb, 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30, a case like this, the chancery court had ordered execution to issue. This court seemed to concede that the court might reach and appropriate by any of its processes any money or property of the party decreed to pay. And in Ex parte Whitehead, 179 Ala. 652, 60 South. 924, the court observed, very generally, that:

"If the defendant is contumacious or has property that may be reached, the court will compel obedience to its decree by such writs as customarily issue out of courts of chancery for the execution of justice."

Execution is such a writ, and is, in our judgment, proper in this cause. This ruling will not be found to vary from those in Murray v. Murray, 84 Ala. 363, 4 South. 239, or Brady v. Brady, 144 Ala. 414, 39 South. 237. The questions considered in those cases were different from that here raised.

[3] Appellant in response to a levy upon his land set up a claim of homestead exemption. The decree for alimony and attorney's fee was not a "debt contracted" within the meaning of the Constitution and the statutes enacted in pursuance thereof. Murray v. Murray, supra. The amounts so ordered were provided by the court, wholly without regard to the concurrence or acquiescence of the appellant, to the end that the wife might be supported pending the suit and be put in a position to litigate with the husband on something like 'equal terms. It would be anomalous to hold that an exemption from levy and sale at the suit of creditors—an exemption one leading idea of which is to secure wife and children in the shelter of the family rooftree—should operate to the prejudice of the wife and children in a contest with the husband and father. The claim of exemptions cannot be maintained.

[4] What we have said leads to an affirmance of the decrees and orders assigned for error. It is hardly necessary to say that the decree for alimony will remain at all times subject to change by the court for good cause shown or that the suit for divorce should be expedited to the end that it be determined whether appellant or appellee is at fault in bringing about their present situation, and so whether the operation of the decree for temporary alimony should be continued.

Affirmed. All the Justices concur.

McCLELLAN, J. (concurring). In my opinion the decision in Murray v. Murray, 84 Ala. 363, 4 South. 239, was authority for the proposition that an execution could not issue to enforce the payment of alimony pendente lite, even when in arrears; but in Webb v. Webb, 140 Ala. 267, 37 South. 96, 103 Am. St. Rep. 30, this court, though approving quotation from the note in 24 L. R. A. 433, announced a different conclusion from that prevailing in Murray v. Murray on this point. I am constrained to give effect to the latest announcement of the court on this point, and therefore yield my concurrence only because of the later decision. It seems to me that in employing an execution to enforce the payment of alimony pendente lite the court should proceed with the greatest caution, and not order the issuance of the writ until all other measures available have been employed without effect.