. (89 South. 465)

## ERLENBACH et al. v. COX et al.
### (2 Div. 767.)

(Supreme Court of Alabama. June 30, 1921.)

**1. Exemptions ⊚⇒74—Claim not allowed in action ex delicto.**

There can be no claim of exemption against an execution issued upon a judgment in an action ex delicto.

**2. Homestead ⊚⇒100—Homestead preserved to widow not exempt as against judgment for tort.**

The omission of the words "from debts contracted," in Const. 1901, § 208, preserving exemption of homestead to the widow where decedent leaves no children is without significance on the question of exemption as to a judgment for tort, since the homestead referred to in section 208 is the one previously declared exempt in sections 205 and 206.

**3. Homestead ⊚⇒135 — Statute construed as not enlarging former exemptions.**

Code 1907, § 4196, prohibiting the sale of a homestead of a deceased man except under certain circumstances for reinvestment, without the consent of the widow, is not an enlargement of previous homestead exemptions.

**4. Homestead ⊚⇒91—Statute construed not to change rule as to exemptions in tort actions.**

Although in Code 1907, § 4197, the words, "and in no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of the homestead or two thousand dollars in lieu thereof," are included for the first time, this provision was not intended to work any change of rule as to allowance of exemptions in judgments founded on torts.

**5. Homestead ⊚⇒91—Omission of words in revision of statute held not to change the rule as to exemptions in tort actions.**

In the exemption statute of the Code of 1907, the omission of the words "contracted since the 13th day of July, 1868," following the word "debt" has no significance as to the exemption of the homestead from levy of execution in a judgment founded on a tort, since the omitted words were originally intended to mark the date of the beginning of the operation of the first exemption statute.

**6. Judgment ⊚⇒801 — Recording of judgment created lien on land and filing of bill held proper procedure after judgment debtor's death.**

Where recording of judgments created a lien under Code 1907, § 4157, during the lifetime of the judgment debtor, the filing of a bill in equity is proper course to enforce the lien after the judgment debtor's death.

Appeal from Circuit Court, Dallas County; J. B. Evans, Special Judge.

Bill by Ludwig Erlenbach and others against Mrs. Lula E. Cox, individually and

---

as a widow of C. C. Cox, C. K. Cox, individually, and as administrator of the estate of C. C. Cox and others, to enforce the lien of a tort judgment upon the homestead. From a decree sustaining demurrers to the bill, complainants appeal. Reversed and remanded.

Reese & Reese, of Selma, for appellants.

The certificate of judgment was properly filed against Cox during his life and fixed a lien against his real estate. Section 4157, Code 1907; 115 Ala. 77, 22 South. 458; 195 Ala. 507, 70 South. 169. The bill in equity is the proper mode to enforce the lien, which was not destroyed by the death of Cox. 98 Ala. 200, 13 South. 473; 194 Ala. 513, 69 South. 931. The homestead was not exempt as against the tort judgment. Section 4160, Code 1907, and cases cited; 201 Ala. 344, 78 South. 200; 16 Ala. App. 95, 75 South. 644; 78 South. 787. The right to a homestead must be determined according to the law and facts as they existed at the time when the lien attached. 75 Ala. 438; 71 Ala. 548; 179 Ala. 229, 60 South. 851. Section 208, Const. 1901, is applicable only in cases where there is a widow and no children. As to what is a debt, or debt contracted, see authorities supra, and 112 Ala. 403, 20 South. 639; 52 Conn. 447, 52 Am. Rep. 609; 101 Cal. 322, 35 Pac. 896.

Arthur M. Pitts, of Selma, for appellee.

The court properly sustained the demurrer that there is no equity in the bill. Section 208, Const. 1901; 55 Ala. 322; sections 4196, 4197, Code 1907; sections 2823, 2824, Code 1876; 57 Ala. 195; Minor, 119; 3 Metc. (Mass.) 526; 37 N. J. Law, 301; 94 Mich. 489, 54 N. W. 173; 101 Mich. 32, 59 N. W. 445, 24 L. R. A. 789, 45 Am. St. Rep. 379; 2 Nev. 60.

GARDNER, J. Appellants recovered judgments in certain tort actions against one C. C. Cox, which judgments were duly and promptly recorded in Dallas county, as provided by law for the establishment of a lien upon all property of the defendant therein subject to levy and sale under execution. Section 4157, Code 1907.

Some time after the recordation of these judgments, said C. C. Cox died, and appellants filed this bill against his widow, heir at law, as well as the administrator of the estate, for the enforcement of these liens, and sought a satisfaction thereof through a sale of the homestead of said C. C. Cox, which was less in area and value than allowed as exempt. The court below sustained the assignment of demurrer to the effect that the bill was without equity, and from this decree the appeal is prosecuted.

The court below proceeded upon the theory that the homestead could not be sold for the satisfaction of these judgments, though they were founded upon actions in tort, and this presents the sole question for our consideration.

[1] It has been well settled by the previous decisions of this court that there can be no claim of exemption against an execution issued upon a judgment in an action ex delicto. Morscheimer v. Wood, 201 Ala. 344, 78 South. 200; Kimball v. Cunningham, 201 Ala. 409, 78 South. 787; Dangaix v. Lunsford, 112 Ala. 403, 20 South. 639; Meredith v. Holmes, 68 Ala. 190; Stuckey v. McKibbon, 92 Ala. 622, 8 South. 379; Schuessler v. Dudley, 80 Ala. 547, 2 South. 526, 60 Am. Rep. 124.

[2] We will briefly refer to the consideration relied upon by counsel for appellee as changing this well-established rule as applicable here. Sections 205 and 206 of the present Constitution deal with homestead exemptions. Section 208, which is brought forward without change from the Constitution of 1875, merely preserves such homestead exemption to the widow where the decedent leaves no children. The previous sections had exempted the homestead from debts contracted, and the omission of these latter words from the section is without significance, as it clearly appears that "such homestead" therein referred to was the homestead previously declared exempt.

[3] It is urged, however, that under the authority of Miller v. Marks, 55 Ala. 322, the Legislature may enlarge these exemptions, and that this has been done by the changes hereinafter noted in sections 4196 and 4197 of the Code of 1907. The concluding sentence of section 4196 is a prohibition against the sale of such homestead, except under certain circumstances for reinvestment, with the consent of the widow, which was added by the Code committee. This language bears no relation to the subject here under consideration, and it is too clear for discussion that its insertion therein was not intended to change the well-established rule above stated. Indeed, the argument of counsel for appellees, if followed to its logical conclusion, would prohibit a sale of the homestead under mortgage or other valid lien after the death of the husband, on account of the insertion of the foregoing sentence.

[4] Counsel also insists that for the first time in our exemption laws there appears in section 4197 the words "and in no case and under no circumstances shall the widow and minor children, or either of them, be deprived of the homestead or two thousand dollars in lieu thereof"; but it is equally manifest that this language was not to work any change of the rule against the allowance of exemptions as to judgments founded on torts, and we think a mere reading of the preceding portion of this section will sufficiently so disclose without further discussion.

[5] Attention is also directed to the fact that in the exemption statute as found in the Code of 1907 the words "contracted since the 13th day of July, 1868," are omitted following the word "debt." The argument is advanced that a judgment, although founded on a tort, is a debt, and that by the omission of the foregoing words the legislative intent appears to abrogate the former rule existing, and to exempt the homestead from all liability, whether incurred on account of torts committed or not.

In the early provisions concerning these exemptions, it was necessary to fix a date back of which the exemption provided could not be claimed, in order not to infringe the constitutional provision prohibiting the passage of a law impairing the obligations of contracts, and these words were employed manifestly to meet this provision (article 1, § 10) of the federal Constitution. Lapse of time had rendered them unnecessary when ,the Code of 1907 was adopted, and these words were therefore evidently omitted from the exemption statute by the Code committee on this account. When therefore their purpose is to be considered, the omission loses all significance so far as the question here concerned is involved.

Some authorities from other jurisdictions have been called to our attention in support of the ruling of the court below. Our decisions recognize a contrariety of opinion upon the question, but have uniformly held the exemption statute only applicable to debts contracted, and not tort or actions ex delicto. A review or discussion of these authorities therefore from other jurisdictions would serve no useful purpose.

[6] The question, after all, is brought within a narrow compass, and that is whether or not the considerations herein referred to as to the changes in the statute are sufficient to show a legislative intent to abrogate the rule so long established in this state. Our conclusion is that no such change was intended, or has been attempted, and that the rule previously established is applicable here and the exemption is not allowable. The recordation of the judgments created a lien under the statute during the lifetime of the judgment debtor, and the complainants in filing this bill have pursued the proper course for the enforcement thereof. Enslen v. Wheeler, 98 Ala. 200, 13 South. 473. ·

It results that in our opinion the bill has equity. The decree of the court below will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.