139 So. 335

### LITTLETON et al. v. LITTLETON.
### 6 Div. 982.

Supreme Court of Alabama.
Jan. 14, 1932.

J. C. B. Gwin, of Bessemer, for appellants.

S. A. Moore, of Bessemer, for appellee.

GARDNER, J.

The appeal is by the husband from a final decree of divorce in favor of his wife on the ground of cruelty, wherein alimony at $15 per month and attorneys' fees of $50 were awarded.

The averments of the bill are in substantial harmony with the statute (section 7409, Code), and the demurrer thereto was properly overruled. Carr v. Carr, 171 Ala. 600, 55 So. 96; Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422.

The testimony of the wife (supported by that of her mother) was that, on the night previous to the separation the next morning, defendant struck her on the arm, and held in his right hand a pistol which he had taken from under the mattress of the bed, and with which he threatened with an oath to kill her if she did not leave. She dressed and did not again retire, and in accordance with her promise, following the threat, left, without protest or word from the husband, when morning came. Defendant offered no proof to the contrary. This was sufficient to establish a prima facie case for divorce on the ground of cruelty. Carr v. Carr, supra.

No exceptions were reserved to the report on the amount of alimony and attorneys' fees, but appellant insists the decree was erroneous in not reserving control thereof for modification in the future should changed conditions so require. Our later decisions are to the effect that the court has such power of modification, whether so reserved in the decree or not. Ex parte Allen, 221 Ala. 393, 128 So. 801; Worthington v. Worthington, post, p. 237, 139 So. 334.

The report of the register as to alimony and attorneys' fees was confirmed in the decree of March 17, 1931, the monthly allowance for support of the wife to date from the filing of the bill November 26, 1930. On March 5, 1931, defendant attempted to assign his future wages to the City Mortgage & Discount Company. Upon the issuance of the garnishment and suggestion by the garnishee of the claim of the City Mortgage & Discount Company, the chancellor, upon consideration of such claim, disallowed the attempted assignment and condemned the sum to the satisfaction of the alimony decree. The attempted assignment was ineffective under the provisions of section 9232, Code of 1923, and it is not pretended the same came within the exception embraced in section 9233, Code of 1923.

The decree for alimony and attorneys' fee was not a "debt contracted" within the meaning of our Constitution and statutes (Ford v. Ford, 201 Ala. 519, 78 So. 873), and defendant's claim of exemption as to the garnished sum was properly disallowed.

The decree is free from error, and is accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.