142 So. 32

### CRABTREE et al. v. KIRBY.
### 7 Div. 96.

Supreme Court of Alabama.
May 19, 1932.

Haralson & Son and Jesse D. Pope, all of Ft. Payne, for appellants.

C. J. Scott and C. A. Wolfes, both of Ft. Payne, for appellee.

FOSTER, J.

This is a contest of a claim of homestead exemption from the collection of a decree for costs adjudged against respondents in a statutory suit in equity to fix and declare a disputed boundary line.

The exemption claimants, appellants, contend that such a decree is for a "debt," as distinguished from a "debt contracted"; that section 7882, Code, grants a homestead exemption from all debts, and not alone from "debts contracted," as was expressly provided in the Code of 1896, section 2033. When that section went into the Code of 1907 (section 4160), the words "contracted after the twenty-third day of April, 1873," were omitted, though similar words are used in section 205 of the Constitution of 1901. The argument is that the constitutional provision is the declaration of a minimum and an enactment and not a maximum restriction (Miller v. Marx, 55 Ala. 322), and that it has been enlarged by extending the right to all "debts" and not limited to those "contracted."

But that contention has been made before in this court, and it was held that the omission of those words has no significance in determining the nature of debts from which the exemption is provided. Erlenbach v. Cox, 206 Ala. 298, 89 So. 465.

Also, after such change was made, this court has held that a decree for costs in a suit in equity for the sale of land for division, rendered against complainant who failed to sustain such right, was not such a debt as to permit a claim of homestead exemption from its collection. Morscheimer v. Wood, 201 Ala. 344, 78 So. 200.

So that we are committed on both aspects of the question which appellants have submitted in respect to the second assignment of error.

Appellants also insist that their demurrer to the affidavit of contest should have been sustained on account of its generality of expression and because it sets forth no facts upon which is based the averment that the claim of exemption is "invalid entirely."

The affidavit is in the language of section 7895, Code. The requirement that it shall specify "wherein such invalidity or excess consists" has reference to the provision for an affidavit that the claim is invalid in part or is excessive, and not to that feature providing that the affidavit may allege that it is "invalid entirely." The affidavit is not a statement of the issue on such contest, but is a preliminary step necessary to the initiation of the contest. The issue is made up in due course under the direction of the court. Section 7901, Code. This issue so made up need only be as specific as necessary to enable the exemption claimant to know what he is called upon to defend against, and to admit any competent evidence to show whether the property or any of it is exempt as claimed. It is not in the nature of formal pleading. Planters' & Merchants' Bank v. Willis, 5 Ala.

770; Beckert v. Whitlock, 83 Ala. 123, 3 So. 545; Pinckard & Lay v. Freeman, 172 Ala. 333, 55 So. 503.

No other question is assigned as error. We think there was no error in either assignment.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.