43 So.2d 406

**BARKSDALE v. JORDAN.**

**4 Div. 550.**

Supreme Court of Alabama.

Dec. 22, 1949.

J. Hubert Farmer, of Dothan, for appellee.

L. A. Farmer, of Dothan, for appellant.

FOSTER, Justice.

The question on this appeal is whether there was error in overruling the demurrer of Mrs. Houston Barksdale to the bill of complaint as last amended.

The object of the bill according to its allegations, prayer and statement of counsel is to remove a cloud on the title of plaintiff, John D. Jordan, in a certain tract of land therein described. The bill alleges that plaintiff is in possession of the land.

Jordan made a conveyance of the land to his son Bill Jordan on December 30, 1932, and on November 1, 1937, he executed another deed to his son for the purpose of perfecting the description of the land as it was originally conveyed. The bill alleges that as a part of the consideration of such conveyance the said grantee, Bill Jordan, and his wife would stay with the grantor and aid and assist him in his maintenance and support and general care and well-being, he being at the time seventy-five years of age and his wife having passed on before him. That about the year 1940 the said Bill Jordan and his wife moved away from the county and State into Florida, and that said consideration wholly failed, and that on account of it the plaintiff has had to shift for himself without the aid and assistance of his son Bill Jordan; that recognizing his duty in that respect, the said Bill Jordan and his wife executed to the plaintiff a deed conveying said land back to him on January 28, 1942, and the deed was immediately recorded in the probate office.

■ The respondent in this case obtained her claim to the land in the following way, as alleged in the bill. At the February Term 1940 of the Circuit Court of Houston County, one U. G. Watford obtained a judgment against the said Bill Jordan and his wife, Daisy Jordan, on which an execution was issued and placed in the hands of the sheriff of Houston County on the 15th day of October 1942. The sheriff levied said execution on the land described and proceeded to sell it in satisfaction of the judgment on Monday, November 23, 1942, at which sale Mrs. Barksdale, the appellant here, became the purchaser, and the sheriff executed to her a deed as of that date. Mrs. Barksdale is a daughter of the plaintiff and sister of Bill Jordan.

The bill seeks to have the deed executed by the sheriff to Mrs. Barksdale removed and cancelled as a cloud upon plaintiff's title on the theory that at the time of the levy of the execution as the property of Bill Jordan he had already reconveyed it to the plaintiff and had no interest which was subject to levy and sale under execution. The judgment against Bill Jordan was rendered before he reconveyed the property to the plaintiff, but the bill does not show whether an execution had been issued before such resale to the plaintiff, nor that a certificate of such judgment was recorded in the office of the probate judge as authorized by section 7874, Code of 1923, which was then in effect. Section 584, Title 7, Code of 1940. So that there is nothing in the bill and exhibits which shows that the plaintiff in that judgment had a lien on the land prior to the reconveyance of it by Bill Jordan to this plaintiff, and not until the execution was levied as recited in the sheriff's deed on the 15th of October, 1942. Therefore, the bill does not show a prior right in Mrs. Barksdale upon the principle that the sheriff's deed relates back to the date of a lien on account of the judgment. Barber v. Beckett, 251 Ala. 569, 39 So.2d 17.

■ The judgment did not *ipso facto* create a lien. Section 521, Title 7, Code of 1940, section 7808, Code of 1923.

An execution can properly be issued at any time within ten years of the date of the rendition of the judgment under section 574, Title 7, Code. The counterpart of section 574, as it appears in the Code of 1923, was section 7863. It was provided in section 7793, Code of 1923, that an execution may issue within a year after its rendition, and in section 7863, Code of 1923, that if an execution was issued within one year from the date of the judgment another execution could issue without a revivor at any time within ten years. The limitation of one year is fixed at ten years in the Code of 1940. Section 506, Title 7. The execution was issued in October 1942 after the Code of 1940 went into effect and within the ten year period. It removed a condition to the issuance of an execution. Jefferson Savings Bank v. Miller, 145 Ala. 237, 40 So. 513; Enslen v. Wheeler, 98 Ala. 200, 13 So. 473.

Moreover, execution issued on a dormant judgment is not void, but is only voidable at the election of defendant in execution, seasonably expressed. Herzberg v. Hollis, 119 Ala. 496, 24 So. 842.

The bill alleges that prior to the time of the issuance and levy of the execution on the land as that of Bill Jordan, he had conveyed it to this plaintiff.

The bill cannot be sustained under either of the statutes enacted for the purpose of quieting title. Sections 1109, 1116, Title 7, Code of 1940. It does not contain the allegations necessary to support such statutory proceeding, although it does allege that plaintiff is in possession of the land. So that in order to sustain its equity against demurrer it must be sufficient to remove a cloud from the title as that remedy is established by a long line of our cases. In order to come within the principle there provided, it is necessary that the instrument sought to be cancelled as a cloud is on its face sufficient to convey the legal title, so that in the event the person holding under the instrument should bring an action of ejectment for its recovery against this plaintiff, he would have a right to maintain that suit unless the defendant in such suit (the plaintiff here) introduces evidence to defeat a recovery. Rea v. Longstreet, 54 Ala. 291; King v. Artman, 225 Ala. 569, 144 So. 442; Teal v. Mixon, 233 Ala. 23, 169 So. 477; Bank for Savings & Trusts v. Jefferson Development Co., 234 Ala. 199, 174 So. 757.

Applying that principle to the facts alleged in the bill as amended, we find Mrs. Barksdale claiming under a sheriff's deed whose recitals are prima facie evidence of the essential facts alleged in them, section 419, Title 7, Code of 1940, and which together with the allegations of the bill show an apparently valid execution sale on a judgment against Bill Jordan.

In an action of ejectment by her against this plaintiff, she could make out a prima facie case by showing the execution of the deed from plaintiff to Bill Jordan of the land in question and the sale and conveyance of it by the sheriff to her as the property of Bill Jordan. Upon such proof she would be entitled to recover against this plaintiff unless he introduced evidence sufficient to defeat that right which prima facie would be the execution of the deed by Bill Jordan to him of the land prior to the levy on it under execution and sale to Mrs. Barksdale.

The bill alleges facts sufficient to invoke the equitable principle referred to and the demurrer was properly overruled. To defeat its application, Mrs. Barksdale would have the privilege by cross bill of setting up the invalidity of the deed from Bill Jordan to this plaintiff for any good reason and also of showing that the sale was to effectuate a judgment lien, if there was one, which had been created under the statute prior to the sale made by Bill Jordan to the plaintiff. Such matters would have to come into this case by affirmative pleading on her part.

Other questions which have been argued by counsel in brief are not now presented.

The foregoing discussion leads to an affirmance of the decree of the circuit court.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.