85 So.2d 430

### Venie COON et al.

v.

### Rosa COON.

### 4 Div. 781.

Supreme Court of Alabama.

Nov. 10, 1955.

Rehearing Denied Feb. 2, 1956.

J. A. Carnley, Elba, for appellants.

W. H. Baldwin, Andalusia, for appellee.

MERRILL, Justice.

This is an appeal from the Circuit Court of Covington County, Alabama, in equity. Rosa Coon, the appellee, was formerly the wife of A. M. Coon, now deceased, whose estate is the subject of this suit.

On 13 October 1947, the Circuit Court of Covington County, rendered a decree in an action for support and maintenance in which Rosa Coon was the complainant and A. M. Coon, now deceased, was the respondent. The court awarded Rosa Coon the sum of $75 per month as support and maintenance for herself and for her minor son, Wendell Coon, and a solicitor's fee of $150. Rosa Coon received no payments from A. M. Coon in compliance with the terms of the decree of the Circuit Court of Covington County.

On 28 November 1948, A. M. Coon secured an absolute divorce from Rosa Coon in the Circuit Court of Russell County. A. M. Coon then married Venie Coon. A. M. Coon died on 31 May 1950, leaving a widow and four children. His will was duly admitted to probate on 21 January 1952, and on that date, letters testamentary were issued to Venie Coon, as executrix. On 5 February 1952, Rosa Coon filed a verified

claim against the estate of A. M. Coon in the amount of $2,250, which she claimed was due to her under the decree of 13 October 1947 rendered by the Circuit Court of Covington County.

On 7 February 1952, the administration of the estate was removed from the Probate Court to the Circuit Court. The inventory of the executrix filed on 5 September 1952, showed that at the time of his death, A .M. Coon owned personal property equal in value to $32. Venie Coon dissented from the will of her deceased husband and filed an application that homestead exemption be set apart for her and the minor children of A. M. Coon. It was alleged in this application of Venie Coon that the only property owned by A. M. Coon was his homestead, which at the time of his death was occupied by them. It was further alleged that the homestead property was not over 80 acres and had never exceeded $1,500 in value. The Court ordered the register to hold a reference and directed him to ascertain the facts which were necessary to set apart homestead exemption.

On 24 April 1953, Rosa Coon, the first wife, petitioned the court to fix a lien against the land of A. M. Coon for the payment of her claim. Pending consideration of this petition, the court stayed the order of reference. On 6 May 1953, Rosa Coon petitioned the court to appoint an administrator ad litem. Venie Coon demurred to both of these petitions. The court sustained the demurrers to Rosa Coon's first petition and demurrer to the second petition was overruled on 1 June 1953. On that date, the court appointed an administrator ad litem for the estate of A. M. Coon.

On 3 June 1953, the administrator ad litem petitioned the court to order a sale of the lands of A. M. Coon for the payment of Rosa Coon's claim against the estate.

The appellants' demurrers were overruled, whereupon they filed their answer. The principal averments of the answer were that the land in question was the homestead of A. M. Coon and was less than 160 acres in area and less than $2,000 in value. Upon motion of the administrator ad litem, the allegation in appellants' answer essential to the claim of homestead exemption was stricken.

The learned Chancellor took testimony and on 27 November 1953, rendered a decree ordering the land in question sold at public outcry and the proceeds distributed: first, to the payment of the cost of the proceedings; and secondly, to pay the appellee the sum of $1,685, the amount found by the Chancellor to be due to her under her decree for separate maintenance; and thirdly, the remainder of the proceeds to be retained by the register to await the further orders of the court.

From the above decree, the appellants perfected their appeal on 11 January 1954. Appellee filed a motion to dismiss the appeal contending that this court is without jurisdiction in this matter, as more than thirty days elapsed from the date of the decree to the perfecting of the appeal. Appellee contends by her motion that this appeal is governed by the provisions of the Code of 1940, Title 61, Section 216. We shall first direct our attention to the motion to dismiss.

■ Title 61, Section 216, provides that from a judgment rendered on a *disputed claim* against an estate either party may appeal within thirty days. A proceeding under this Code section has as its only purpose the fixing of the rights of the parties to the funds in trust, so as to determine who is entitled to the proceeds on distribution. Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d 125. In effect, it is a decree in the nature of a declaratory judgment to determine the validity of the claim. Merchants Nat. Bank of Mobile v. Cotnam, 250 Ala. 316, 34 So.2d 122. The instant decree, although dispositive of the claim of Rosa Coon, was, in the main, essentially an order for the sale of the decedent's realty on petition of the administrator ad litem. An appeal from a decree of this finality is not governed by Title 61, Section 216.

■ The appellee also asserts that this court is without jurisdiction of this appeal

for the reason that no citation of an appeal was served upon the administrator ad litem within the time and manner fixed and required by Code of 1940, Title 7, Section 801. The record discloses, however, that in the proceedings in the Circuit Court, the Honorable W. H. Baldwin acted both as attorney for the claimant, Rosa Coon, and as administrator ad litem. He also appears before this court in such dual capacity. The record further discloses that a copy of the citation of appeal was served on Honorable W. H. Baldwin. Service of citation of appeal on the attorney for the administrator ad litem was sufficient. Collins v. Thompson, 259 Ala. 82, 65 So.2d 491.

The motions to dismiss the appeal are, therefore, overruled.

## On the Merits

The question confronting us in this case is, shall a decree providing for the support and maintenance of the former wife, which was never a lien upon the homestead of her former husband, be superior to the homestead exemption in favor of his widow and minor children? We have found no case in this or any other jurisdiction which squarely answers this question.

It is established in this state that a decree for alimony is not such a debt within the meaning of the statutes as to allow a *husband's* claim of homestead exemption. Horan v. Horan, 259 Ala. 117, 65 So.2d 486; Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Ford v. Ford, 201 Ala. 519, 78 So. 873. But such a decree without a provision that it shall be a lien upon the husband's homestead, does not ipso facto create a lien. Barksdale v. Jordan, 253 Ala. 199, 43 So.2d 406. Code 1940, T. 7, § 327, provides that executions on decrees are liens in the same manner as are executions in courts of law and T. 7, § 521, provides for liens on executions in law courts.

In the instant case, the husband had never paid any money pursuant to the decree; there had been no execution issued or notice of levy; and the record is silent as to any move having been made by the first wife to collect the award under the decree until after her former husband's death.

In this state there is a distinction made in the homestead which is exempt to a husband, and a homestead exemption in favor of the widow or minor children or both. Title 7, § 661 as it read at the time of the husband's death is as follows:

"The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be exempt from administration and the payment of the debts in favor of such widow and minor children, or either, in any event, during the life of the widow, or the minority of the child or children, whichever may last terminate; and the rents and profits of such homestead, if there be a widow and no minor child, shall inure to her benefit during her life; or if there be a minor child or children, and no widow, then to the benefit of such child, or children, during minority; or if there be both widow and minor child or children, then to their equal benefit during the life of the widow and the minority of the child or children. Such homestead may be retained by the widow or minor child or children, until it is ascertained whether the estate is solvent or insolvent; and if the estate is insolvent, it shall vest in them absolutely, and it shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the circuit court in equity, for reinvestment, with the consent of the widow, in writing, if living."

This exemption vests at the death of the owner, is free from administration and continues during the life of the widow and the minority of the children. Weber v. Short, 55 Ala. 311, Miller v. Marx, 55 Ala. 322. It will be noted that this exemption is "in favor of such widow and minor children, or either" and as evidence of the legislative intent the last sentence of Section 662, Title

7, as then applicable reads, "And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided before final distribution of the decedent's estate."

There is no question but that the widow here has applied for the exemption in favor of herself, her infant daughter and the minor child of decedent by his former marriage before the final distribution of the decedent's estate.

The courts of this state have been alert in seeking to carry out the beneficent purposes of the exemption laws and it has been consistent public policy to try to protect wherever possible the rights of a widow or minor children, or either, in order that they might not become a public charge and that they might continue to have the protection of the family rooftree. Walker v. Hayes, 248 Ala. 492, 28 So.2d 413. In the instant case it is not argued that the first marriage was not dissolved according to law, and the case was tried on the theory that the husband was free to contract the second marriage and that the second marriage was valid. While we have consistently held that a judgment for alimony cannot be defeated by the husband's claim of exemption, our research has failed to produce any case where this court has held that any decree of alimony which had not been established as a lien upon the homestead of the husband, was superior to the widow's claim of homestead exemption.

We certainly do not mean to intimate that the ex-husband of the first wife could defeat a decree for alimony or for support and maintenance by remarrying. But if the first wife delays in effecting a lien upon his property until his death, she must look to that portion of the decedent's property which is over and above the homestead exemption and in the instant case it is alleged that the decedent owned personal property of value of $32 and that the homestead property was not over 80 acres and had never exceeded $1,500 in value.

As evidence of the legislative intention to give a greater exemption in favor of the widow than to the husband during his lifetime, we point to the fact that § 661, now provides for an exemption in favor of the widow of $6,000 while the exemption in favor of the husband, provided for in § 625 of Title 7, remains at $2,000.

Our attention has been called to the case of Erlenbach v. Cox, 206 Ala. 298, 89 So. 465, which holds that judgment in a tort action against a husband and recorded during his lifetime was superior to his widow's claim of homestead exemption in his property.

We think there is a real distinction between the instant case and that of Erlenbach v. Cox, supra. The opening sentence of the opinion in that case is "Appellants recovered judgments in certain tort actions against one C. C. Cox, which judgments were duly and promptly recorded in Dallas county, as provided by law for the establishment of a lien upon all property of the defendant therein subject to levy and sale under execution." The court goes on to show that irrespective of the omission of the words " 'contracted since the 13th day of July, 1868' " following the word "debt", and the addition of the sentence which we have heretofore quoted from § 662 of Title 7, that the rule still prevails in this state that there can be no claim of exemption against an execution issued on a judgment in an action ex delicto, and then we find this significant sentence: "The recordation of the judgments created a lien under the statute during the lifetime of the judgment debtor, and the complainants in filing this bill have pursued the proper course for the enforcement thereof."

It is very evident that the court placed much stress upon the fact that the judgments had been recorded during the lifetime of C. C. Cox.

As previously stated, no judgment or decree in the instant case had been recorded, nor had any lien attached during the husband's lifetime, although the provisions of § 585, Title 7, which provide for the creation of a lien for ten years for every judg-

ment or decree recorded in the office of the Probate Judge, was open and available to the first wife from October 13, 1947 until the date of the death of her former husband, on March 31, 1950.

The lower court should have proceeded to ascertain the value of the homestead and if within the statutory protection, it should have been set aside to her and the minor children of decedent, including his minor children by both marriages, instead of being sold to satisfy the unrecorded claim of the former wife.

The decree of the lower court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

SIMPSON, GOODWYN and MAYFIELD, JJ., concur that the motions to dismiss the appeal should be overruled, but dissent as to the merits.

MAYFIELD, Justice.

I dissent. The basic statutory provision concerning the homestead exemption is found in Code of 1940, Tit. 7, § 625. The exemption is granted both to a living resident of this state and to his surviving widow and minor children.

Although the precise factual situation, in the case at bar, has not been previously presented to this court; prior interpretations of the homestead exemption statute by this court are, in my opinion, determinative of the present question.

It has been repeatedly held by this court that the exemption statute applies only to "debts contracted" and has no application to judgments based on tort, or liability in the nature of tort, such as decrees for alimony or separate maintenance. Horan v. Horan, 259 Ala. 117, 65 So.2d 486; Crabtree v. Kirby, 225 Ala. 20, 142 So. 32; Erlenbach v. Cox, 206 Ala. 298, 89 So. 465; Schuessler v. Dudley, 80 Ala. 547, 2 So. 526,

60 Am.Rep. 124. The cases cited in the majority opinion hold that a husband's homestead exemption cannot prevail against a decree for alimony. The determinative point in each of the above cases is the *nature* of the alimony claim and not the status or identity of the person seeking the exemption. These cases are separate authority for the well-established principle that alimony is not a "debt contracted" within the meaning of the Constitution of 1901, and the statutes by which the legislature gave life to the constitutional provision. In Rogers v. Rogers, 215 Ala. 259, 110 So. 140, this court stated that as related to exemptions, a demand for alimony previously decreed is in tort and not ex contractu.

No distinction between the exemption granted to an individual and that granted to his surviving widow and minor children is found in the Constitution of 1901, Sections 205 and 206; which provisions relate to the nature of the debts from which the homestead is exempt. Nor is such a distinction found in the basic statutory provisions, Title 7, Section 625, supra.

My understanding of the majority opinion is that it seeks the existence of such a distinction in two subsequent Code sections, Code of 1940, Title 7, Sections 661 and 662. Clearly, these sections are primarily concerned with *the operation* of the exemption benefit and not with the *nature of the debts* from which the homestead is exempt. These provisions and Section 625, must be considered in pari materia, and so considered they do not alter the rule as to which type of debt the exemption applies or does not apply.

The case of Erlenbach v. Cox, supra, clearly disposes of the contention that the legislature, by enacting sections 4196 and 4197 of the Code of Alabama 1907, enlarged the homestead exemption to make it proof against tort judgments. These sections of the Code were brought forward without any material change to the Code of 1940. This court's holding in the Erlenbach case is consistent with the position that these two Code sections did not alter the settled principle that the homestead exemption applies only to "debts contracted". In

the Erlenbach case, this court decided that a *recorded judgment* in a tort action against a husband was superior to a claim of homestead exemptions by the widow. The present case involves the accrued claim for separate maintenance decreed to the first wife against the deceased, and the adversary claim of the surviving widow for homestead exemption from the deceased's estate. I think it clear that the pivotal point in the Erlenbach case was the principle that the exemption statute is applicable only to debts contracted. It is my further opinion that the question of recording of the judgment so as to establish a lien prior to the husband-debtor's death was not involved or necessary to a proper decision in the Erlenbach case. The first paragraph of that opinion stating that a lien has been established was merely descriptive of the action, and that the portion of paragraph six of that opinion in so far as it dealt with liens, was merely dicta. I am unable from my reading of this opinion to find justification for speculation that a contrary result would have been reached if the judgment had not been recorded so as to establish a lien on the property in question prior to the husband's death. It is my opinion that a claim against an estate arising out of a decree for past due alimony or support and maintenance decreed the first wife is, under our present laws, superior to a claim for homestead exemption, whether the claim be made by the husband-debtor or his surviving second wife. I regard the *nature of the debt* as determinative of the issue and not whether a lien on the property of the deceased debtor-husband was perfected prior to his death. While we must recognize that the exemption statute should be liberally construed, this does not mean that we can, by judicial construction, extend privileges not intended or contemplated by the legislature. It is my opinion that the claim of the first wife for the support and maintenance of herself and her minor child should prevail against the claim of the surviving second wife for homestead exemption. An extension of the present exemption beyond "debts contracted" is a matter properly for the consideration of our legislative body.

For the foregoing reasons, I believe that the decree of the trial court should have been affirmed and respectfully dissent from that portion of the majority opinion which pertains to the merits of the instant case.

SIMPSON and GOODWYN, JJ., concur.