124 So.2d 78

**Alice KENDRICK**

v.

**Oscar Lee KENDRICK and McWane Cast Iron Pipe Co.**

**6 Div. 465.**

Supreme Court of Alabama.

Nov. 3, 1960.

Henry B. Welch, Birmingham, for appellant.

Cabaniss & Johnston, Birmingham, for appellee (garnishee).

LAWSON, Justice.

The question for decision is whether payments to a retired employee under a pension plan created by a contract between his employer and his labor union are subject to attachment by the retired employee's former wife to pay a child support award, when the terms of the contract between the employer and the union provide:

"To the extent permitted by law, no assignment thereof or encumbrance of any kind of pension benefits will be permitted or recognized, and benefits shall not be subject to attachment or other legal process for debts of the pensioners."

The trial court held in effect that because of the provisions just above quoted, Oscar

Lee Kendrick "has no right or credit in said pension fund which is subject to attachment or execution." That holding is the only matter presented for our consideration on this appeal by Alice Kendrick, the former wife of Oscar Lee Kendrick.

We do not get to the question as to whether an employer and his employee through the latter's union may, by contract, legally exempt pension benefits due the employee from attachment or execution to satisfy an award of alimony or child support.

We are of the opinion that the exemption provision under consideration should not be construed as applying to awards for alimony or child support for the reason that such awards are not debts of the pensioner under the rule of our cases.

In Ford v. Ford, 201 Ala. 519, 78 So. 873, we held that a husband could not claim exemption of his homestead against a levy of execution upon his land to enforce payment of alimony pendente lite because a decree for alimony was not a "debt contracted" within the meaning of the constitutional and statutory provisions relating to homestead exemptions. To like effect are Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Horan v. Horan, 259 Ala. 117, 65 So.2d 486; Coon v. Coon, 264 Ala. 127, 85 So.2d 430. See also Ryan v. Ryan, ante, p. 243, 123 So.2d 102.

Our holdings in the cases just cited are in accord with the majority rule. The courts of other states have generally held that statutes exempting property from legal process in the enforcement of a claim for debt, or debt arising from a contractual relationship, are not applicable against a claim for alimony, since such a claim is not a debt and an award of alimony does not create a debtor-creditor relationship. See the cases listed in 54 A.L.R.2d at page 1424.

Although an award of child support may not be alimony in a technical sense, it is enforced as against exemptions in the same manner as alimony. Davis v. Davis, 246 Iowa 262, 67 N.W.2d 566. To the same effect see Guard v. Guard, 116 Ind.App. 396, 64 N.E.2d 802; Walker v. Walker, 204 N.C. 210, 167 S.E. 818.

For other cases which support our view of the matter see Zwingmann v. Zwingmann, 150 App.Div. 358, 134 N.Y.S. 1077; Weigold v. Weigold, 236 App.Div. 126, 258 N.Y.S. 348; Jackson v. Jackson, 194 Misc. 134, 86 N.Y.S.2d 516; Fischer v. Fischer, 13 N.J. 162, 98 A.2d 568; Commonwealth v. Berfield, 160 Pa.Super. 438, 51 A.2d 523; Pishue v. Pishue, 32 Wash.2d 750, 203 P.2d 1070; Stirgus v. Stirgus, 172 Miss. 337, 160 So. 285; Courtney v. Courtney, 251 Wis. 443, 29 N.W.2d 759.

In view of the foregoing, it follows that the decree of the trial court is due to be reversed. It is so ordered.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.