This is a contempt case.
Rufus J. Griggs was found in contempt of court for failure to pay child support for a period of about four years. The arrearage was found to be $2,215.00. The court ordered that Griggs could purge himself of contempt by paying $15.00 a month on the arrearage plus the $40.00 per month child support provided for in the original divorce decree. In the event that Griggs failed to make the payments as ordered, he was to be arrested and placed in jail. A motion to set aside the judgment or for a new trial was overruled by operation of Rule 59.1, Alabama Rules of Civil Procedure. Griggs has petitioned this court for a writ of certiorari to review the contempt order. The writ is granted.
The evidence shows that Griggs was divorced from the respondent here about four years prior to trial. At that time he was ordered to pay $40 a month child support.
Griggs is mentally retarded and has been since he was about one year old as a result of an automobile accident. His only source of income is from Federal Supplemental Security Income, i.e. SSI benefits, in the amount of about $215 per month.
Griggs is presently married to a woman who is also mentally retarded and is receiving *Page 104 
SSI benefits. Griggs and his present wife have two children. The present wife also has a child by a previous marriage. She also receives ADC benefits through the State of Alabama.
Jo Ann Bemis, the former Mrs. Griggs, testified that Griggs was receiving SSI benefits at the time of the divorce and that he was still receiving such benefits in the approximate amount of $198 per month.
There was no evidence introduced at the hearing that Griggs had any other income or other assets. The only evidence of resources to pay the child support arrearage and the monthly child support amount was $215 per month from SSI.
Griggs argues here that the contempt order should be set aside because (1) the court's order requiring him to pay child support from SSI payments violates the supremacy clause of the United States Constitution, (2) Mrs. Bemis failed to prove beyond a reasonable doubt that he was financially able to comply with the court's purge order, and (3) the trial court ordered Griggs to be arrested and incarcerated upon failure to purge himself without benefit of notice and a hearing.
As to Griggs's first issue, 42 U.S.C. § 407 (1976), provides as follows:
 "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under the title shall be subject to execution, levy, attachment, garnishment, or other legal process, as to the operation of any bankruptcy or insolvency law."
This section has been incorporated into the SSI title by42 U.S.C. § 1383 (d)(1) (1976). Griggs argues that these sections are an absolute bar against the trial court's decision that his SSI benefits should be subjected to claims for past-due child support payments. He calls our attention to the Louisiana decision of Washington v. Washington, 418 So.2d 748 (La.Ct.App. 1982), which holds that the supremacy clause of the United States Constitution prevents social security payments from being reached for child support payments. However, after careful consideration of authority from other jurisdictions and analogous cases from Alabama, we believe that the reasoning in the cited case is without a sound legal basis and should not be followed. We hold, instead, that SSI benefits may be subjected to a claim for past-due child support payments.
The statute in question, 42 U.S.C. § 407 (1976), operates as an exemption statute and aims to protect benefits received from the claims of creditors. Although there is no decision precisely on point in Alabama, other states which have considered similar claims in the face of exemption statutes have held overwhelmingly that the existence of such an exemption does not protect such funds from being subject to alimony and child support payments. In its decision of Wissnerv. Wissner, 338 U.S. 655, 70 S.Ct. 398, 94 L.Ed. 424 (1950), the United States Supreme Court recognized that many states had carved out such an exception under federal exemption statutes. Indeed, we feel that these cases represent the better reasoned view. Their logic is based on a two-pronged assumption. First, they emphasize that the purpose of an exemption statute, such as 42 U.S.C. § 407 (1976), is to protect the recipient and his family from the claims of creditors. Since family members fall into the protected category, there is no reason to allow the recipient to escape liability to his family. See Schlaefer v.Schlaefer, 71 App.D.C. 350, 112 F.2d 177 (1940); Mickenheim v.Cathcart, 228 La. 890, 84 So.2d 449 (La.Ct.App. 1955). Second, the cases recognize that alimony and child support are not a debt in the same sense as a debt owed to a creditor. As one court expressed it, they are "a duty of a higher obligation."Schlaefer v. Schlaefer, supra.
The Alabama decision of Kendrick v. Kendrick, 271 Ala. 372,124 So.2d 78 (1960), echoes this last proposition that alimony and child support payments are not ordinary debts or liabilities. There, the court dealt with an exemption provision in a contract which attempted to make pension plan payments unavailable to legal process and said: *Page 105 
 "We are of the opinion that the exemption provision under consideration should not be construed as applying to awards for alimony or child support for the reason that such awards are not debts of the pensioner under the rule of our cases.
 "In Ford v. Ford, 201 Ala. 519, 78 So. 873, we held that a husband could not claim exemption of his homestead against a levy of execution upon his land to enforce payment of alimony pendente lite because a decree for alimony was not a `debt contracted' within the meaning of the constitutional and statutory provisions relating to homestead exemptions. To like effect are Littleton v. Littleton, 224 Ala. 103, 139 So. 335; Horan v. Horan, 259 Ala. 117, 65 So.2d 486; Coon v. Coon, 264 Ala. 127, 85 So.2d 430. See also Ryan v. Ryan [271] Ala., [243] 123 So.2d 102."
Thus, from the United States Supreme Court's decision ofWissner v. Wissner, supra, we find that the supremacy clause does not bar the requirement that child support payments be made from SSI benefits. Similarly, we find from the other authorities cited above that exemption statutes, such as42 U.S.C. § 407 (1976), are aimed to protect the recipient's family as well as the recipient himself.
Finally, petitioner argues that the trial court's order holding him in contempt for failure to pay child support is in error because Mrs. Bemis failed, after the court had heard proof that he was unable to pay, to prove beyond a reasonable doubt that he was financially able to pay the child support.
In contempt proceedings when the accused proves that he is financially unable to comply with the court's order the burden then falls on the shoulders of the complainant to prove beyond a reasonable doubt that the accused is financially able to comply with the decree. Sewell v. Butler, 375 So.2d 800
(Ala.Civ.App. 1979).
In the case at bar Griggs proved that his only source of funds for the satisfaction of the court's order was his monthly SSI benefits. He stated that was all the money he had to live on and to pay the child support payments. Mrs. Bemis failed to prove otherwise. There is a total lack of proof that Griggs had other financial sources from which to satisfy the court's order and to pay his own living expenses.
It appears from the record that withholding $55 a month from the $215 monthly SSI check would leave Griggs with $160 per month to live on. Such a sum establishes Griggs as "impecunious, not contumacious." Sewell v. Butler, supra. Under such circumstances the contempt order was not authorized.
Because of our views on the above two issues, we pretermit a discussion of petitioner's third issue.
The judgment of the trial court holding petitioner in contempt is reversed and the cause is remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.