This is a periodic alimony modification and contempt proceeding.
The divorce judgment was rendered on February 5, 1980, and it required Mr. Mims to pay to Mrs. Mims as periodic alimony $250 each month. At that time, Mr. Mims was paid disability benefits by both the Veterans Administration and the Social Security Administration. His social security payments were discontinued and he received from them his last monthly check of *Page 103 
$456 in December 1982. Mr. Mims contested that discontinuance but the contest has not been decided. The Veterans Administration's tax-free 100% medical disability payment presently amounts to $1,278 each month. Admittedly, Mr. Mims did not make any of the seven monthly alimony payments due in October 1982 through April 1983.
Mr. Mims has remarried and in excess of one-third of his itemized expenses are payments or expenses of his present wife, who has no income of her own. The mental and physical health of Mr. Mims is poor and he is not able to work.
Mrs. Mims is employed as a hospital supply clerk and earns $509 a month as take-home pay. Her monthly itemized expenses total $820. The children, who are all adults, assist her in making financial ends meet.
 Modification
Mr. Mims sought a modification in, or elimination of, periodic alimony. The trial court denied his petition.
The ore tenus rule applies and the judgment of the trial court is presumed to be correct. Whether a periodic alimony judgment should be modified because of the parties' changed circumstances reposes within the judicial discretion of the trial court and its decision will not be disturbed on appeal unless the judgment is palpably wrong. While Mr. Mims had a reduction in income received of $456 a month, we cannot say that the trial court was palpably wrong or abused its discretion in denying his modification petition. Jeffcoat v.Jeffcoat, 423 So.2d 888 (Ala.Civ.App. 1982).
 Contempt
Mrs. Mims's petition requested that Mr. Mims be held in contempt of court for his failure to pay alimony as ordered. In prior proceedings, Mr. Mims had already been adjudicated to be in contempt of court for arrearages of alimony which are not of concern in the present litigation. The trial court again found Mr. Mims to be in contempt of court. The judgment expressly found that, although Mr. Mims possessed the means to make the alimony payments, he willfully and contemptuously failed or refused to pay it and that he was delinquent in his payments in the amount of $1,750. The trial court allowed Mr. Mims to purge himself of such contempt by making payments of $100 each month until the ascertained arrearage is paid in full.
We treat Mr. Mims's appeal of the contempt matter as being certiorari proceedings.
In contempt cases the rule of review is restricted to questions of law and, if there is any legal evidence which supports the holding of the trial court, those factual findings are conclusive on appeal. Smith v. Smith, 380 So.2d 897
(Ala.Civ.App. 1980). Here, the necessary supportive evidence appears in the record.
However, Mr. Mims argues that, since his only present income is a disability benefit from the Veterans Administration, contempt proceedings are improper because section 3101 of title 38 of the United States Code provides that those benefits are exempt from the claims of creditors. That code section states the following:
 "Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. . . ."
Section 3101 does not apply in this case for, in Alabama, a former wife seeking to recover alimony is not a creditor of her former husband, the claim not being based upon a debt. Kendrickv. Kendrick, 271 Ala. 372, 124 So.2d 78 (1960). The instant contempt proceeding was not litigation which sought to attach, levy upon or seize Mr. Mims's veterans benefits and the *Page 104 
quoted code section is inapplicable. While that federal statute would prohibit an assignment or apportionment of Mr. Mims's medical disability benefits, or any part thereof, which he receives from the Veterans Administration, whether the assignment be by agreement of the parties or by a judgment of the court, those benefits may clearly be considered by the court as a source of Mr. Mims's income from which periodic alimony may be paid. Lott v. Lott, 440 So.2d 1090 (Ala.Civ.App. 1983); Pedigo v. Pedigo, 413 So.2d 1154 (Ala.Civ.App. 1981),cert. quashed, 413 So.2d 1157 (Ala. 1982).
While we have decided the contempt issue upon the merits out of deference to Mr. Mims and to his learned counsel, the attempt to invoke section 3101 was first made on appeal and, for that reason as well as upon the merits, we hold that the trial court correctly adjudged Mr. Mims to be in contempt of court. Dobbins v. Getz Exterminators of Alabama, Inc.,382 So.2d 1135 (Ala.Civ.App. 1980). It is not necessary that we decide whether or not the provisions of 42 U.S.C. § 659 (a) are applicable to disability benefits received from the Veterans Administration.
The judgment of the trial court is affirmed.
Mr. Mims shall pay to Mrs. Mims's attorney the sum of $400 as a reasonable fee for representing Mrs. Mims on this appeal before this court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 105 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 106