PER CURIAM.
This case involves the question of the validity of a claimed interest in an estate. Andrew Jack Peeden died on April 12, 1982. His second wife of five years, Lillie Harris Peeden, filed a claim against the estate in the amount of $8,373.58 for funeral and medical expenses, and a complaint seeking a sale of the house they lived in and the lot upon which it stood, for a division of the proceeds. Mrs. Peeden died on December 7, 1987, and Betty Yincoli, as executrix of Mrs. Peeden’s estate, sought to collect the claim Mrs. Peeden had filed against her late husband’s estate.
It is settled that “reasonable funeral expenditures, stones, and monuments, are recognized as proper objects and expenditures for which payment may be made from the assets of the estate.” Garrett v. Snowden, 226 Ala. 30, 33, 145 So. 493 (1933). (Emphasis added.) It is equally well settled that the claims statute (§ 43-2-350, Ala. Code 1975) is mandatory as to the manner of presenting claims against the estate of decedents. Burgess v. Burgess, 201 Ala. 631, 632, 79 So. 193 (1918). It is evident from the record that the claim was filed against the estate, and, contrary to the contention of the appellee, it is not necessary that the claim be renewed or repeatedly presented upon the change of administration. “The statute does not contemplate renewed or repeated presentment, as often as there may be changes of the administration.” Floyd v. Clayton, 67 Ala. 265, 273 (1880).
However, the determination as to the validity of a claim is left to the court. The court fixes the “rights of the parties to the funds in trust, so as to determine who is entitled to the proceeds on distribution.” Coon v. Coon, 264 Ala. 127, 85 So.2d 430 (1955), quoting Tillery v. Commercial Nat’l Bank of Anniston, 241 Ala. 653, 655, 4 So.2d 125 (1941). The determination of the court as to a disputed claim is in the nature of a declaratory judgment. Coon, supra, 264 Ala. at 129, 85 So.2d at 432, quoting Merchants Nat’l Bank of Mobile v. Cotnam, 250 Ala. 316, 34 So.2d 122 (1948).
We have carefully examined the record in this case, and we affirm the judgment of the circuit court.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.